648 A.2d 988

**UNITED STATES of America**

**v.**

**Steven Ernest HESTER et al.**

**Misc. No. 7, Sept. Term, 1994.**

Court of Appeals of Maryland.

Oct. 24, 1994.

Martin G. Bahl, Staff Atty. (William M. Murphy, Jr., R. William Hale, Arthur Cheslock, David Ash, Dominic Fleming, Joseph L. Gigliotti, James K. Bredar, Federal Public Defender for the Dist. of Md., Joseph A. Balter, Asst. Federal Public Defender, all on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

MURPHY, Chief Judge.

The questions presented in this case have been certified to us by the United States District Court for the District of Maryland, pursuant to the Uniform Certification of Questions of Law Act, Maryland Code (1989 Repl.Vol.) §§ 12–601 through 12–609 of the Courts and Judicial Proceedings Article, and Maryland Rule 8–305. They focus on the relationship between the marital communications privilege and the interception and disclosure of communications pursuant to court-ordered electronic surveillance.

## I

On October 7, 1993, a grand jury sitting in the United States District Court for the District of Maryland indicted, on narcotics-related criminal charges, Steven Ernest Hester, Sean Andre Bullock, Steven Wright, Byron Melvin George, Dawon Nathaniel Markham and Lawrence Geraud Day, the designated appellees herein. The indictment was the result of a joint federal and state criminal narcotics investigation of the appellees, among others. In the course of the investigation, the investigators applied for and were granted two *ex parte* orders authorizing wiretaps to be conducted over two telephone lines. One of the orders was issued by a judge of the Circuit Court for Howard County, Maryland, on March 22, 1993, and the other by a judge of the Circuit Court for Prince George's County, Maryland, on March 25, 1993.

Both orders contained provisions authorizing the interception of communications concerning the alleged distribution and

conspiracy to distribute controlled dangerous substances. The orders also contained provisions requiring that interception "be conducted in such a way as to minimize the interception of communications not otherwise subject to interception."

Pursuant to the order issued by the Circuit Court for Howard County, the Office of the State's Attorney for Prince George's County distributed minimization guidelines for review by all agents participating in the electronic monitoring. The guidelines, signed by a judge of the Circuit Court for Howard County, included, *inter alia,* a discussion of privileged communications and emphasized the importance of minimizing the interception of such communications. However, the guidelines stated that, as to the marital privilege, "no privilege exists when both the married parties are conspiring to commit a crime."

The United States now seeks to use in federal court evidence derived from the wiretaps, including wire communications and evidence obtained pursuant to search warrants based on wire communications. All appellees asserted a right to suppress all evidence derived from the wiretaps, maintaining that the minimization guidelines misstated Maryland law with regard to marital privilege and authorized police to unlawfully intercept communications protected by the privilege. The United States asserted that, in fact, there were no intercepted telephone calls between a husband and wife in the instant case; thus no use has been, or will be, made of any communication protected by the privilege.

Thus, the Federal District Court has certified for our consideration the following questions:

1. Does the Maryland "marital communications privilege" apply to communications intercepted by a third party pursuant to a court-ordered wiretap?

2. Does Maryland law prohibit both the interception and disclosure of all wire communications made between a husband and wife?

3.   Does the language employed in the instant minimization guidelines unlawfully authorize the interception of privileged marital communications?

4.   Does any "marital privilege" defect in the subject minimization guidelines require suppression of all evidence obtained in wiretaps taken pursuant to the subject court order as to all parties?

5.   Would the effect of any "marital privilege" defect in the subject minimization guidelines be limited to any intercepted communications between husband and wife and/or to the husband and wife?

## II

*State v. Mazzone,* 336 Md. 379, 648 A.2d 978, filed by this Court on October 24, 1994, contains the answers to each of the questions of State law certified to us by the Federal District Court.

*CERTIFIED QUESTIONS ANSWERED AS HEREIN SET FORTH; COSTS TO BE DIVIDED EQUALLY BETWEEN THE PARTIES.*